## DURKEE vs. FELTON, imp.

PLEADING. *Defense or counterclaim.*

In an action to recover possession of a dower interest in certain lands, with damages for withholding the same, one who being owner in fee of part of the premises, in reversion, has been compelled to pay taxes thereon which it was plaintiff's duty to pay, may *offset* the amount of such taxes against plaintiff's claim for a money judgment; and whether such facts be pleaded in form as a set off or *as a counterclaim*, and whatever the special prayer of the answer may be, a demurrer to so much of the answer as states the facts, on the ground that they " are insufficient to constitute a defense or counterclaim," is bad.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover possession of real estate. The complaint purports to state two distinct causes of action. 1. It alleges that J. J. Lefevre died many years since, seized in fee simple, and in possession, of certain premises, which will here be designated as A.; that plaintiff was the wife of said decedent at the time of his death, and is entitled as his widow to a life estate in one undivided third part of the premises as her dower, and to the immediate possession thereof; that defendants are in possession of said premises, and unlawfully withhold from plaintiff possession of said one-third part thereof, to her damage $200; and judgment is demanded that plaintiff recover possession, for her life, of an undivided third part of said

premises, with $200 damages, and costs.    2. It is alleged that plaintiff is seized of an estate for life in certain premises, which will here be described as B. and C.; that she is entitled to the immediate possession of said B. and C. for her life, " the same being her legal, just and reasonable dower " in the premises A., first above described, as the widow of said J. J. Lefevre, deceased; and that defendants are in possession of said premises B. and C., and unlawfully withhold the same from the plaintiff, to her damage $200; and she demands judgment for the possession of said last mentioned premises, with $200 damages, besides costs, etc.

The defendant *Cora D. Felton* answered separately. Her answer to the first cause of action stated, in substance, that she and one William Lefevre were the sole heirs-at-law of J. J. Lefevre; that on the 19th of November, 1866, said premises B. and C. were duly set apart and assigned to the plaintiff out of said premises A., and said admeasurement was duly accepted, confirmed, etc.; and that defendant was not in possession of any of said dower premises at the commencement of this action, nor had she withheld possession of any part thereof from the plaintiff.    For a further answer, *and as a counterclaim* to said first cause of action, it is alleged that at the commencement of this action plaintiff was, and still is, a resident of the state of Kansas; that she had neglected, during the ten years last preceding the commencement of this action, to pay the taxes assessed upon one-third part of said premises A., in which she claimed to have an estate for life, and had thus been guilty of waste; that defendant, as one of the two heirs of J. J. Lefevre, is owner of an undivided half of all the premises A. in fee simple, and, to protect her interest as reversioner in said one-third part thereof, she had been compelled to pay one hundred dollars for taxes and the redemption of tax certificates, during the ten years aforesaid.    It is further alleged in this answer, that plaintiff was also entitled, upon the death of J. J. Lefevre, to a life interest in the whole

of a certain portion of said premises A., to wit, premises B. described in the second cause of action, which were the homestead of said Lefevre at the time of his death; that plaintiff possessed the same as her homestead from that time until February, 1872; but that she had neglected to pay any taxes assessed thereon, and had thus been guilty of waste; and that said defendant, to protect her interest as reversioner, had been obliged to pay for taxes and in redemption from tax certificates, the further sum of $100, to her damage $200. There was a similar answer and counterclaim to the second cause of action.

Plaintiff demurred to each of the separate answers set up by way of counterclaim, on the ground that they did not state " facts sufficient to constitute a defense or counterclaim;" and from an order sustaining the demurrer, the said defendant *Cora D. Felton* appealed.

Briefs were filed by *C. L. Frederick* and *Coleman & Spence* for the appellant, and *Geo. E. Sutherland* for the respondent; and there was oral argument by *Mr. Spence* and *Mr. Sutherland*.

For the respondent it was contended, that there was no valid counterclaim set up by the answer, because it states no facts upon which the defendant could have maintained an independent action against the plaintiff. In support of this view, counsel argued, 1. That the answer fails to state a cause of action for *waste* under sec. 1, ch. 4, Laws of 1868, because it shows no privity of estate between the parties (1 Washb. R. P., 118; *Whitney v. Morrow*, 34 Wis., 644); because it does not sufficiently show defendant's estate (*Carris v. Ingalls*, 12 Wend., 73; *Harrison v. M'Intosh*, 1 Johns., 380; *Bain v. Clark*, 10 id., 424); because it does not properly allege the legal assessment or levy of any taxes upon the property, or show that such taxes were a lien; because it fails to show that the cause of action there attempted to be set out arose within this state (sec. 1, ch. 4, Laws of 1868); and because it fails to

show possession of the premises in plaintiff as tenant in dower, and an action of waste will not lie against one out of possession (Tay. Stats., 1694, § 2; 1 Washb. R. P., 107, 120; 1 Abb. Forms, 477; 1 Humphrey's Prac., 89; *Robinson v. Wheeler*, 25 N. Y., 252; *People v. Davison*, 4 Barb., 109); nor is tenant for life not in possession bound to pay the taxes. *Bassett v. Welch*, 22 Wis., 176; *Phelan v. Boylan*, 25 id., 686; *Whitney v. Gunderson*, 31 id., 359; *Blackwood v. Van Vleit*, 30 Mich., 118.    2. That said sec. 1, ch. 4, Laws of 1868, is in violation of sec. 2, art. IV of the constitution of the United States, and of sec. 9, art. I of the constitution of this state.

For the appellant it was contended, among other things, that the answer states a good cause of action for waste; that most of the objections taken to it were bad on the face of the answer itself; that tenant for life is bound to pay taxes assessed during his term, whether in actual possession or not, and suffering the premises to be sold for taxes accruing during the term is waste (1 Washb. R. P., 112; *Varney v. Stevens*, 22 Me., 331, 334; *Stetson v. Day*, 51 id., 434; *Prettyman v. Walston*, 34 Ill., 192; *Phelan v. Boylan*, 25 Wis., 686; sec. 1, ch. 143, R. S. 1858) ; that sec. 1, ch. 4 of 1868, is a valid statute; and that, if otherwise, the amount which defendant was compelled to pay for taxes upon the dower interest was a good *set-off* against plaintiff's claim for *damages*. MITCHELL, J., in *Bogardus v. Parker*, 7 How. Pr., 305.

ORTON, J.   The complaint claims the possession of a dower interest, or one-third of the estate for life, in the lands in question, and the answer of the defendant *Cora D. Felton* sets up that she is the owner in fee of one-half of the premises, in reversion, and that the plaintiff failed to pay certain taxes upon the lands, and that she was compelled to pay, and did pay, such taxes, and that she made certain improvements, etc.; and she prays for judgment against the defendant for the same.

It is quite immaterial whether that part of the answer demurred to, and which, in form, sets up the payment of these taxes as a counterclaim, or substantive cause of action, is a valid counterclaim in this action, or a good cause of action as for waste, against the plaintiff, which is allowed to be set up against the plaintiff on account of her being a nonresident of the state, under sec. 1, ch. 4, Laws of 1868, or whether said statute is constitutional. The only material question under the demurrer is, whether, admitting the facts set up in that part of the answer to be true, they may be proved for any purpose in defense to the action, or to any part of the relief demanded in the complaint. We think that, according to the statements of the answer as to her privity of estate in and relations to the land in question, the taxes paid by her are a proper subject of set-off against the damages claimed by the plaintiff for withholding the premises from her, and for rents and profits; and it is immaterial whether such matter is, in form, pleaded as counterclaim, or as a set-off, or what the special prayer of the answer may be. *Lawrence Adm'r, etc., v. Vilas*, 20 Wis., 382. And therefore the demurrer should have been overrruled.

*By the Court.* — The order of the circuit court sustaining the demurrer is reversed, with costs.

Taylor, J., took no part.